In the United States District Court
for the District of New Mexico
Roswell Division

| | |
|---|---|
| Luke Myers,<br><br>*On behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Papa Texas, LLC; Guillermo Perales; Doe Corporation 1-10; John Doe 1-10;<br><br>Defendants. | Case No. 2:23-cv-01096-DHU-JHR |

1. By stipulation and agreement of the Parties listed below and pursuant to the Court's authority to regulate documents and proceedings before it, the Court enters this Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

2. This Protective Order is to identify documents and information that may be designated as ("Confidential Information") by the Parties, and by non-party who produces documents or information pursuant to a subpoena or other discovery request in this action (a "Producing Non-Party"), during the course of discovery. The following may be designated as Confidential Information and subject to this Protective Order:

   a. All contact information, including last known mailing address and email address for all Texas and New Mexico Delivery Drivers employed at Papa Texas, LLC.

3. This Protective Order will remain in effect throughout the pendency of this litigation, consistent with Paragraph 22 below. Either party may petition the Court to extend

the Protective Order to specific documents by showing that good cause exists to preserve the legitimate privacy interests.

4. Social security numbers, dates of birth, home addresses, employee identification numbers, bank account numbers, and routing numbers will be considered Confidential Information, but the documents containing the information listed in this Paragraph will not be considered Confidential Information. When producing documents containing social security numbers, dates of birth, employee identification numbers, bank account numbers, and routing numbers, the designating party will redact this information. The producing party will also produce an unredacted copy of the same document that bears a CONFIDENTIAL designation upon request, and the parties agree the unredacted copy will not be used in any public filings absent an agreement by the parties or an order from the Court. Nothing in this paragraph prevents either party from challenging the redaction of this information pursuant to the procedures laid out in this protective order.

5. This Protective Order establishes a procedure for disclosing Confidential Information to the Parties in this litigation, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for extending confidentiality designations upon the expiration of this Order.

6. By entering into this Protective Order, the Parties do not intend to waive any objections raised in response to discovery, nor does this Protective Order in any way obligate any Party to produce any specific documents or records in the future which a Party deems inappropriate for production.

7. Any documents produced subject to the terms of this Protective Order shall be

considered Confidential Information and shall be given confidential treatment consistent with Paragraph 3 and Paragraph 22 herein. Thereafter, either party may petition the Court for an extension of confidential treatment of any document for good cause shown. In the event a Party disagrees with a request for continued CONFIDENTIAL designation, that Party shall provide to the disclosing Party written notice of its disagreement with the continued designation. The Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, either Party may request appropriate relief from the Court by way of a further motion. Such relief may be requested on an expedited basis. The disclosing Party shall have the burden of proving that the information should continue to be designated as CONFIDENTIAL. In the event the Court determines that the contested information is not Confidential Information, the CONFIDENTIAL designation shall be deemed to have been removed from the subject document and information contained therein. Nothing herein shall prohibit either Party from seeking relief from the Court to remove a CONFIDENTIAL designation, nor shall it prohibit a Party from seeking to reinstate a CONFIDENTIAL designation that has been removed pursuant to this paragraph. Unless and until the CONFIDENTIAL designation is removed, or in the event such designation is reinstated, use of such Confidential Information shall be governed by the Protective Order, except to the extent otherwise ordered by the Court. The parties anticipate they will disagree regarding the necessity of a CONFIDENTIAL designation on various documents. When that disagreement arises, the parties will raise the issue with the Court as contemplated by this paragraph.

8. Confidential Information shall not be exhibited, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than for the purposes of

prosecuting or defending this Action.

9. Neither the receiving Party nor its representatives shall disclose documents designated as CONFIDENTIAL, other than to the following persons:

a. All attorneys for the Parties, including in-house attorneys and outside counsel, and their assistants, associates, paralegals, clerks, stenographic personnel, and those individuals specifically acting at the direction of counsel;

b. Plaintiff, representative employees of each Party, defendant, and or any of Parties' designated counsel of record in this action;

c. Independent consultants or experts consulted or retained by any Party whose assistance is necessary for the dissemination of court authorized notices or preparation of trial of this specific action; provided that such individuals (i) abide by the terms of this Protective Order; and (ii) execute and comply with a substantially similar form as Exhibit A;

d. Witnesses for each Party provided that such witnesses expressly agree to comply with the terms of this Protective Order and provided that such witnesses shall be allowed to review the Confidential Information, but shall not be provided with copies of the Confidential Information; and

e. The Court (including any agent of the Court), deponents, and any court reporter used during depositions.

10. This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Unless the Court orders otherwise, all sealed documents shall be filed according to the applicable

Local Rules of the United States District Court for the District of New Mexico.

11. Nothing contained in this Protective Order bars or restricts the parties' attorneys from rendering advice to their respective clients with respect to this litigation.

12. In the event that the non-designating Party plans to file with the Court any materials that have been designated as CONFIDENTIAL, the non-designating Party shall inform the designating party of its intention at least ten (10) days prior to such filing, and the designating Party may move the Court to permit the Parties to file such materials under seal. The parties agree to work together to extend filing deadlines when necessary to allow time for this notification process.

13. Nothing in this Protective Order precludes or limits a Party from viewing its own Confidential Information.

14. Nothing herein is intended to alter or modify the applicability of Federal Rule of Civil Procedure 5.2 to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

15. The use of documents designated as CONFIDENTIAL at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the Parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

16. Documents designated as CONFIDENTIAL or any other Confidential Information subject to this Protective Order shall not be made public by counsel for the receiving Party or divulged to anyone other than the persons entitled to access such information under Paragraph 9.

17. The agreement of the Parties to this Protective Order shall not be construed as an agreement or admission: (i) that any material or document designed as CONFIDENTIAL is, in fact, Confidential Information; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as CONFIDENTIAL; or (iii) with respect to the

authenticity, competency, relevance, or materiality of any document or thing designated as CONFIDENTIAL.

18. The testimony of any witness deposed on oral examination may be deemed CONFIDENTIAL. If counsel believes that the deposition transcript or a portion thereof contains Confidential Information, counsel shall, (a) either orally at the deposition, or (b) in writing within fourteen days after receipt by counsel of the transcript of the deposition, designate as CONFIDENTIAL by page and line number to opposing counsel those portions of the transcript constituting Confidential Information. The fact that a question posed at a deposition would elicit Confidential Information shall not be grounds for an objection. The Stipulation of Confidentiality shall not preclude counsel for the Parties from using during any deposition in this action any documents or information that has been designated as CONFIDENTIAL and the use of such materials during depositions in this action does not waive the terms of this Protective Order.

19. Nothing shall prevent disclosure beyond the terms of this Protective Order if any Party expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected Parties, orders such disclosure.

20. The disclosure of a document or information by one Party or non-party to a Party without designating it as CONFIDENTIAL shall not constitute a waiver of any Party's right to designate such document or information as CONFIDENTIAL. If any party required to produce documents or other information inadvertently produces or has inadvertently produced in this litigation any Confidential Information without marking it appropriately, the producing party

may give written notice to the receiving party or parties, including appropriately designated and stamped copies of the material, that the document or information is deemed Designated Pursuant To This Protective Order and should be treated as such in accordance with the provisions of this Protective Order. Upon notification of the Confidential Information, the receiving party shall use its best efforts to collect all copies of the inadvertently produced document or other information from all parties not entitled to access to such document or information had it been properly designated, and the document or other information shall thereafter be treated as if it has been timely designated pursuant to this Protective Order. If the receiving party is subject to excessive costs or burdens in connection with undertaking to comply with the provisions of this Paragraph, then the producing party shall reimburse the receiving party for the reasonable expenses incurred in connection therewith. In no event, however, shall the inadvertent disclosure by the producing party of documents or other information without the appropriate Confidential Designation be deemed to be a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject.

21. The parties acknowledge that regardless of the disclosing party's reasonable diligence, an inadvertent disclosure of information or documents which are subject to attorney- client privilege, the joint-defense privilege or common interest doctrine, or attorney-work product documents or information ("privileged information") may occur. The parties therefore agree that if an inadvertent disclosure of privileged information occurs or has occurred, the producing party shall notify the receiving parties of the inadvertent disclosure

and identify the document or documents that the producing party asserts are subject to privilege, together with an explanation of the privilege(s) asserted. After the producing party asserts a privilege as to documents already produced, the receiving party shall have fourteen (14) days to return the specified material or information and any copies pending any ruling by the Court concerning the validity of the producing party's privilege assertion. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or work product doctrine. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stores information ("ESI") or information (including metadata) for relevance, responsiveness and/or segregation of privileged information before production. This Protective Order does not authorize or require disclosure of documents or information protected by or subject to claims of privilege or protection. The production of documents, ESI or information containing privilege information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

22. The provisions of the Protective Order shall survive the conclusion of this litigation. This Court retains jurisdiction to adjudicate any disputes arising between the Parties or otherwise concerning the terms of this Protective Order.

23. This Protective Order shall not prohibit disclosure of Confidential Information to the Court or Court personnel (including any Court for purposes of appellate review) at any time.

24. At the conclusion of this litigation, outside counsel may retain copies of the pleadings, and may retain documents, things, copies, and samples to the extent they include or reflect the receiving party's attorneys' work product and may retain one file copy of all materials produced in this litigation. The obligation on outside counsel to maintain the confidentiality of materials designated as CONFIDENTIAL under this Order shall be deemed continuing. All other copies of CONFIDENTIAL documents produced by any party or Producing Non-Party shall be returned by counsel of record to the party or Producing Non-Party that provided the documents, with a certification that all such material has been returned or, alternatively, counsel of record may submit a certification that all such material has been destroyed.

IT IS SO ORDERED.

The Honorable Jerry H. Ritter

I stipulated to entry of the above Protective Order.

*/s/ Emily Hubbard*
Andrew R. Biller (*associated*)
Andrew P. Kimble (*associated*)
Emily A. Hubbard (*associated*)
Laura E. Farmwald (*associated*)
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*ehubbard@billerkimble.com*
*lfarmwald@billerkimble.com*
www.billerkimble.com

*/s/ Samantha Adams* (Per email authority)
Samantha M. Adams
Kylee J. Roerick
Mareike K. Bandy
Adams+Crow Law Firm
5051 Journal Center Blvd. NE, Ste. 320
Albuquerque, New Mexico 87109
Phone : (501) 582-2819
Fax: (505) 212-0439

Sam@adamscrow.com
Kylee@adamscrow.com
Mareike@adamscrow.com

*Attorneys for Papa Texas, LLC and Guillermo Perales*

Christopher Moody (Bar # 1850)
Moody & Stanford, P.C.
4169 Montgomery Blvd., NE
505-944-0033 (Phone)
505-944-0034 (Fax)
*moody@nmlaborlaw.com*

*Counsel for Plaintiff and the putative class*

**EXHIBIT A**
**UNDERTAKING AGREEMENT**

I, ______________________________, hereby acknowledge that I have been provided with a copy of and read the Protective Order Governing Confidentiality of Documents (the "Order") entered in Case No. 2:23-cv-01096-DHU-JHR in the United States District Court for the District of New Mexico, and that I understand the terms, conditions, and restrictions it imposes on any person given access to "CONFIDENTIAL" materials. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.

I will not disclose "CONFIDENTIAL" materials to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials. I consent to be subject to the personal jurisdiction of the United States District Court for the New Mexico, with respect to any proceedings relative to the enforcement of the Order.

Dated this ___ day of __________, 20__

________________________________________
Print Name

________________________________________
Signature

________________________________________
Home Address

________________________________________
City, State, Zip Code

________________________________________
Telephone Number

________________________________________
Job Title/Description